United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30244
Summary Calendar

JERRY MOORE,

                                        Plaintiff-Appellant,

versus

ST. TAMMANY PARISH JAIL; MARLIN PEACHEY, Warden,

                                        Defendants-Appellees,

-------------------------

JERRY MOORE,

                                        Plaintiff-Appellant,

versus

RODNEY JACK STRAIN, JR., Sheriff; ST. TAMMANY
PARISH SHERIFF'S OFFICE,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 03-CV-709-J
USDC No. 03-CV-2779-J
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Jerry Moore, St. Tammany Parish pretrial detainee #076945,

appeals the district court's grant of summary judgment and

dismissal of his 42 U.S.C. § 1983 complaint, which challenged the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conditions of his confinement.  We review a district court's award of summary judgment de novo.  Banks v. East Baton Rouge Parish Sch. Bd., 320 F.3d 570, 575 (5th Cir. 2003).

Moore does not challenge the dismissal with prejudice of his claims against the St. Tammany Parish Jail and the St. Tammany Parish Sheriff's Office or the dismissal with prejudice of his claim under the Americans with Disabilities Act.  Accordingly, those claims have been abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Exhaustion is required for all inmate suits about prison life.  See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524-32 (2002).  The district court dismissed without prejudice Moore's claims against Warden Peachey in his official capacity and against Sheriff Jack Strain because Moore had failed to exhaust his administrative remedies.

The competent summary judgment evidence established that Moore did not exhaust his administrative remedies.  Although Moore submits on appeal a third step grievance he purportedly sent to the sheriff, this evidence was not submitted to the district court and may not be considered.  See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999).  Accordingly, the district court's judgment is AFFIRMED.